United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10661
Summary Calendar

BRIAN L. COUNTS,

Plaintiff-Appellant,

versus

JOHN E. POTTER, POSTMASTER GENERAL,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(3:03-CV-723)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Brian L. Counts appeals an adverse judgment of the district court dismissing his employment discrimination suit in which he alleged that he was fired from his job as a mailman, pursuant to a June 21, 2001 Notice of Removal, for poor attendance. Counts argues that Defendant-Appellee's stated reason was pretextual, asserting that the real reason for his termination was retaliation for his filing EEO complaints. We dismiss this appeal for appellant's failure adequately to brief his case.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Counts's appellate brief contains just over one page of "argument," is devoid of citation to any relevant legal authority, and fails to articulate any facts that might insulate him from a summary judgment of dismissal. Rather, his brief contains a terse list of references to portions of the district court record which, we find, identify only pages from his own deposition. Counts fails to identify any specific evidentiary facts on which he relies, and fails to explain why his deposition statements should entitle him to relief.

APPEAL DISMISSED.[1]

---

[1] Although we dismiss this appeal for inadequate briefing, our review of the briefs and other parts of the record on appeal revealed that Counts was not discharged on the basis of attendance, which was addressed in the June 21, 2001 Notice of Removal — matters that were settled between the parties. Rather, he was fired on the basis of a September 21 Notice of Removal grounded in his placing unauthorized long distance phone calls on customers' accounts. The September Notice is not at issue in this case.